IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOHN A. MANSOUR, | § § § | |
| *Plaintiff,* | § § § § § | |
| v. | § § § | Case No. 4:24-cv-00459 |
| MORGAN STANLEY; MORGAN STANLEY & CO. LLC; MORGAN STANLEY SMITH BARNEY LLC; MERRILL LYNCH, PIERCE, FENNER & SMITH INC.; DEUTSCHE BANK SECURITIES INC.; CHARLES SCHWAB & CO., INC.; AND JOHN DOES 1–20, | § § § § § § § § § § | |
| *Defendants*. | § | |

### MORGAN STANLEY DEFENDANTS' MOTION TO STRIKE, AND, IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE A SUR-SUR-REPLY[1]

Defendants Morgan Stanley, Morgan Stanley & Co. LLC, and Morgan Stanley Smith Barney LLC (collectively, "Morgan Stanley") respectfully file this Motion to Strike portions of Plaintiff John A. Mansour's ("Plaintiff") Sur-reply to the Morgan Stanley Defendants' Motion to Compel Arbitration, to Transfer, and to Dismiss the Complaint (Dkt. #138), and in the Alternative, Motion for Leave to File a Sur-sur-reply.

### I. BACKGROUND

Plaintiff's Sur-reply filed January 10, 2025, argues, for the first time, that Morgan Stanley has waived its arbitration rights. *See* Pl.'s Sur-reply 1-4 (Dkt. #138). Plaintiff did not make this

---

[1] As with all of Morgan Stanley's filings, submissions, and disclosures in this case, this is also filed subject to and without waiver of Morgan Stanley's objections to this forum and to discovery in this matter as outlined in the Morgan Stanley's Motion to Compel Arbitration and, in the Alternative, Motion to Sever and Transfer, and, in the Alternative, Motion to Dismiss (ECF No. 48), and Notice of Joinder in Charles Schwab & Co., Inc.'s Motion for a Stay of Discovery (ECF No. 73).

argument in his Response brief.[2]  *See generally* Pl.'s Resp. (Dkt. #94).  Morgan Stanley respectfully requests that the Court strike these improper arguments from Plaintiff's sur-reply, or, in the alternative, grant Morgan Stanley leave to file a sur-sur-reply to respond to Plaintiff's newly raised arguments regarding waiver of arbitration.

## II.  ARGUMENTS AND AUTHORITIES

### A. The Court Should Strike Portions of the Plaintiff's Briefing that Makes New Arguments.

In his sur-reply, Plaintiff spends the bulk of his briefing on his new argument that Morgan Stanley waived arbitration by "substantially invok[ing] the judicial process" through "participat[ing] in significant discovery."  Pl.'s Sur-reply 1.  Plaintiff's gross mischaracterizations of Morgan Stanley's behavior aside, neither Morgan Stanley nor Plaintiff have briefed a waiver argument in either the Combined Motion's opening brief, response, or reply.  *See* Dkts. #48, 94, 125.  Plaintiff first attempted to shoehorn a shorter and less developed irrelevant waiver argument into a response/non-opposition notice on an unrelated motion to extend deadlines.  *See* Pl.'s Notice 2-3 (Dkt. #129); Morgan Stanley MS Reply to Notice (Dkt #134).  Instead of seeking leave of court to make new arguments, Plaintiff now seeks to raise these same arguments in a sur-reply brief.  Further, Plaintiff understood that he was making new arguments in the sur-reply briefing in violation of the Local Rules, yet included these in his sur-reply without leave of court, as noted in emails communications regarding page extensions where Morgan Stanley alerted Plaintiff's counsel on January 9, 2025, that sur-replies must "comply with the Court's local rules (in terms of both a meet and confer, and that a sur-reply may only address arguments raised in a reply brief)."

---

[2] Presumably, this is due to the timing of Plaintiff's filing of his Response brief before any of the discovery letters were sent.  Regardless of whether this argument was raised before or after Plaintiff's complained-of actions, it has no merit.

Local Rule CV-7(f) states that "[a] sur-reply *responding to issues raised in the reply* may be served and filed within seven days from the date the reply is served." Loc. R. CV-7(f). It also states that "[a]bsent leave of court, no further submissions on the motion are allowed." Loc. R. CV-7(f). Plaintiff violated these rules and failed to properly meet and confer with Morgan Stanley on his intention to raise new issues in his Sur-reply. By violating these rules and failing to seek leave of court, Plaintiff should not be permitted to benefit from arguments he has waived. *See Gillaspy v. Dallas Ind. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008) ("It is the practice of this court and the district courts to refuse to consider arguments raised for the first time in reply briefs.").

### B. Alternatively, the Court Should Grant Morgan Stanley Leave to File a Sur-sur-reply Brief.

Should the Court permit Plaintiff's waiver argument to stand, Morgan Stanley requests leave to file a sur-sur-reply brief responding solely to this new argument. When a party raises new arguments for the first time in a reply brief, "the district court must either give the other party an opportunity to respond or decline to rely on the new arguments and evidence." *Ga. Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770, 774 (5th Cir. 2024) (first citing *Residents of Gordon Plaza, Inc. v. Cantrell*, 25 F.4th 288, 296 (5th Cir. 2022) ("[A] district court abuses its discretion when it considers new arguments raised for the first time in a reply brief without providing the non-movant an adequate opportunity to respond prior to a ruling."); and then citing *RedHawk Holdings Corp. v. Schreiber*, 836 F. App'x 232, 235 (5th Cir. 2020) ("[A] district court may consider arguments and evidence raised for the first time in a reply brief without abusing its discretion so long as it gives the non-movant an adequate opportunity to respond prior to a ruling.")). Respectfully, Morgan Stanley should be permitted to respond to new arguments raised

outside of initial briefings.  In accord with Local Rule CV-7(k), Morgan Stanley's Sur-sur-reply will be filed separately and immediately after this Motion for leave.

### III.    CONCLUSION

For the reasons stated, Morgan Stanley respectfully requests that the Court strike any portions of Plaintiff's Sur-reply that contains new arguments, or, in the alternative, grant Morgan Stanley leave to file a Sur-sur-reply, to be filed separately and immediately after this Motion in accord with Local Rule CV-7(k).

Dated: January 17, 2025

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP

*/s/  Ellen Sessions*
Ellen Sessions
Texas State Bar No.  00796282
ellen.sessions@nortonrosefulbright.com
Brett Govett
Texas State Bar No. 08235900
brett.govett@nortonrosefulbright.com
Douglass Brown
Texas State Bar No. 24119786
doug.brown@nortonrosefulbright.com
Telephone:    (214) 855-8000
Facsimile:     (214) 855-8200
2200 Ross Avenue, Suite 3600
Dallas, TX  75201-7932

Taylor J. LeMay
Texas State Bar No. 24110862
taylor.lemay@nortonrosefulbright.com
Telephone:    (713) 651-3578
Facsimile:     (713) 651-5246
1500 Lamar St., Suite 2000
Houston, TX 77010-3095

*ATTORNEYS FOR MORGAN STANLEY, MORGAN STANLEY & CO. LLC, AND MORGAN STANLEY SMITH BARNEY LLC*

- 5 -

**CERTIFICATE OF SERVICE**

The undersigned certifies that on January 17, 2025, a true and correct copy of the foregoing document and related attachments have been served on Defendants' counsel via ECF filing.

*/s/ Ellen Sessions*
Ellen Sessions

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(h), I certify that on January 17, 2025, I met and conferred via telephone with Plaintiff's counsel regarding the parties' respective positions regarding the above motion.  Plaintiff's counsel has indicated that Plaintiff is opposed to the Motion to Strike, and that Plaintiff does not take any position on the Motion for Leave to File a Sur-sur-reply.

*/s/ Douglass Brown*
Douglass Brown
